NOT FOR PUBLICATION (Doc. No. 16)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| KAREN MANIN, RONALD TREWERN,<br>MARCIE PETERS, and BONNIE WRIGHT,<br><br>Plaintiffs,<br><br>v.<br><br>MICHAEL GALLAGHER and<br>CATHERINE GALLAGHER,<br><br>Defendants. | Civil No.<br>11-1261 (RBK/AMD)<br><br>**OPINION** |

**KUGLER**, United States District Judge:

This matter comes before the Court upon the Motion for Default Judgment filed by Karen Manin, Ronald Trewern, Marcie Peters, and Bonnie Wright ("Plaintiffs") against Michael and Catherine Gallagher ("Defendants"). Plaintiffs allege that Defendants failed to meet their contractual obligations by failing to pay as agreed, and have further failed to plead or otherwise respond to Plaintiffs' Amended Complaint. For the reasons expressed below, Plaintiffs' motion for default judgment is granted.

**I. BACKGROUND**

In December 2007, Plaintiffs entered into an agreement with Defendant Michael Gallagher. Under the terms of the agreement (the "Purchase Agreement"), Plaintiffs agreed to transfer all issued and outstanding shares of EMSSTAR, Inc. to Mr. Gallagher in return for $3,000,000.00 in principal and interest. In return, Mr. Gallagher agreed, by signing a Promissory Note (the "Note"), to pay Plaintiffs $25,000.00 each month for 120

months.  In addition, Defendant Catherine Gallagher signed a Guaranty and Suretyship Agreement ("Guaranty Agreement") which obligated her to indemnify Plaintiffs upon the event of a default by Mr. Gallagher.  Am. Compl., Ex. C.

Under the terms of the Note, the entire debt could be due immediately if Mr. Gallagher defaulted on his payments.  Mr. Gallagher had ten days from receiving written notice of default to cure the default, however, before the debt would accelerate and he would be liable to pay the full sum immediately.  Am. Compl. Ex. B.  Moreover, the parties agreed that if litigation to enforce the Note occurred, "the losing party [would] reimburse the prevailing party for all reasonable [a]ttorney fees, costs, [and] expenses . . . from the date of default."  Aff. Amount Due, ¶ 10.

Michael Gallagher made his first payment in June of 2007.  In December of 2010, one of the four final checks for $6,250.00 that Mr. Gallagher sent did not clear.  Aff. Amount Due ¶¶ 9-12.  Plaintiffs sent a letter to Defendants on February 1, 2011, notifying them of the default and giving Defendants ten days to cure it.  To date, Defendants have not met their obligations to Plaintiffs.  Am. Compl. Ex. E.  According to Plaintiffs, Defendants currently owe $1,736,552.53 in principal and interest under the Purchase Agreement as of December 4, 2011.  Plaintiffs also request $10,718.58 in attorneys' fees under the contract.

## II. DISCUSSION

### A. Jurisdiction

"Before entering a default judgment against a party that has not filed responsive pleadings, 'the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.'"  Bank of Am., N.A. v. Hewitt, No. 07-4536, 2008

U.S. Dist. LEXIS 90719, at *5 (D.N.J. Nov. 7, 2008) (quoting Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986)).

In this case, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the case involves citizens of different states and the amount in controversy exceeds $75,000.00. Plaintiffs are all citizens of New Jersey and Defendants are citizens of Pennsylvania. Plaintiffs claim that Defendants currently owe them over $1,700,000.00. Thus, the parties are diverse and the amount in controversy requirement is satisfied.

The Court also has personal jurisdiction over Defendants by virtue of a forum selection clause agreed to by both parties in Section 8.6 of the Purchase Agreement. Thus, the Court has both subject matter and personal jurisdiction over the issues and parties in this case.

**B.  Default Judgment**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), a court may enter a default judgment against a properly served defendant who fails to plead or otherwise defend an action. See Anchorage Assocs. v. Virgin Island Bd. of Tax Review, 922 F.2d 168, 177 n.9 (3d Cir. 1990) ("When a defendant fails to appear . . . the district court or its clerk is authorized to enter a default judgment based solely on the fact that the default has occurred."). While the entry of a default judgment is largely a matter of judicial discretion, the Third Circuit has "repeatedly stated [its] preference that cases be disposed of on the merits whenever practicable." Hritz v. Woma Corp., 732 F.2d 1178, 1180-81 (3d Cir. 1984) (citations omitted). In deciding whether to enter a default judgment, this Court must decide whether the original entry of default was appropriate, whether the

unchallenged facts constitute a legitimate cause of action, and whether default judgment is appropriate in the Court's discretion.

### i. Entry of Default

The Court finds that the clerk appropriately entered default on April 28, 2011. Plaintiffs properly served Defendants with the Amended Complaint on March 28, 2011. Doc. No. 7; see Fed. R. Civ. P. 4(m) (a plaintiff must serve the summons and complaint within 120 days from filing). Thereafter, Defendants failed to respond to either the Complaint or the Amended Complaint within twenty-one days of service. Thus, after receiving both notice of Plaintiffs' claims and a fair opportunity to respond, Defendants failed to submit an answer or make an otherwise appropriate response. See Fed. R. Civ. P. 12(a) (defendant must respond within twenty-one days of service). Accordingly, entry of default was appropriate.

### ii. Cause of Action for Default Judgment

Before granting default judgment, the Court must first ascertain whether "the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Signs by Tomorrow-USA, Inc. v. G.W. Engel Co., No. 05-4353, 2006 U.S. Dist. LEXIS 56456, 2006 WL 2224416, at *2 (D.N.J. Aug. 1, 2006) (citing Directv, Inc. v. Asher, No. 03-1969, 2006 U.S. Dist. LEXIS 14027, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006)). The Court should accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default, except for allegations relating to the amount of damages. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Asher, 2006 U.S. Dist. LEXIS 14027, 2006 WL 680533, at *1. Here, the Court finds that Plaintiffs properly state a claim for the requested default

judgment against Defendants pursuant to the terms of the Purchase Agreement, the Note, and the Guaranty Agreement.

Plaintiffs aver that Michael Gallagher promised to pay $3,000,000.00 in principal and interest under the terms of the Purchase Agreement from July 2007 for 120 months. It is uncontroverted that Michael Gallagher continued making payments for over three years, sending his final payment in December of 2010. Aff. Amount Due ¶¶ 9-12. Under the terms of the Note, if a default occurs and persists for ten days after Defendants receive written notice, the entire balance becomes immediately due. Am. Compl. Ex. B. Additionally, under the terms of the Guaranty Agreement, Defendant Catherine Gallagher agreed to indemnify Plaintiffs upon the event of a default. Am. Compl. Ex. C. Plaintiffs sent a letter to Defendants on February 1, 2011, notifying them of the default and giving Defendants ten days to cure it. Because, as of this date, Defendants have not met their obligations to Plaintiffs, the Court finds that Plaintiffs have stated a cause of action and would be entitled to recover the full amount of principal, accrued interest, and other amounts due.

### iii. Emcasco Factors

The Court must also consider the following three factors when exercising its discretion to grant default judgment: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." GP Acoustics, Inc. v. Brandnamez, LLC, No. 10-539, 2010 U.S. Dist. LEXIS 84244, 2010 WL 3271726, at *3 (D.N.J. Aug. 17, 2010) (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987)). "In weighing these factors, [the] district court[] must remain mindful that, like dismissal with

prejudice, default is a sanction of last resort." Doug Brady, Inc. v. New Jersey Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1984)).

  Default judgment is appropriate in this case because the three Emcasco factors are satisfied. With respect to the first Emcasco factor, the facts alleged in the Amended Complaint provide no indication of a meritorious defense. "Indeed, as some courts have noted, the Defendant's failure to answer makes it practically impossible for the Court 'to determine whether [the Defendant has] a meritorious defense . . . .'" GP Acoustics, 2010 U.S. Dist. LEXIS 84244, 2010 WL 3271726, at *4 (citations omitted). With respect to the second Emcasco factor, Plaintiffs have been prejudiced because Defendants failed to timely respond to the Complaint and Summons or the Amended Complaint. Id. (citing Peterson v. Boyarsky Corp., No. 08-1789, 2009 U.S. Dist. LEXIS 30967, 2009 WL 983123, *4 (D.N.J. Apr. 8, 2009) ("Plaintiffs will be prejudiced if no default judgment is entered, because they have no other means of vindicating their claim against [defendant]."). Finally, with respect to the third Emcasco factor, a "[d]efendant is also presumed culpable where it has failed to answer, move, or otherwise respond." Slover v. Live Universe, Inc., No. 08-2645, 2009 U.S. Dist. LEXIS 17919, 2009 WL 606133, at *2 (D.N.J. Mar. 9, 2009) (citing Palmer v. Slaughter, No. 99-899, 2000 U.S. Dist. LEXIS 22118, 2000 WL 1010261, *2 (D. Del. July 13, 2000)). Here, since Defendants have not responded to the any of the pleadings over the course of the litigation, the presumption of culpability applies. Therefore, because the Court finds that all of the Emcasco factors are satisfied, default judgment is appropriate.

### iv.  Other Requirements

The Court also finds that the requirements of Federal Rule of Civil Procedure 55(b)(2) have been met.  Plaintiffs have submitted affidavits and other evidence showing that Defendants are not minors or incompetent persons and therefore do not require a guardian or conservator.  Plaintiffs have also submitted affidavits of nonmilitary service for Defendants in accordance with the Servicemembers Civil Relief Act, 50 U.S.C. App. §501 et seq.  Therefore, the Court finds that all of the procedural requirements for default judgment have been met and default judgment is appropriate.

### C.  Damages

Although "[d]efault establishes a party's liability for the well-pleaded allegations of the complaint," it does not establish liability for the amount of damages claimed by the plaintiff.  Hewitt, 2008 U.S. Dist. LEXIS 90719, at *3 (internal quotations omitted) (citing United States v. Gant, 268 F. Supp. 2d 29, 32 (D.D.C. 2003)); Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974).  Courts are required to make an independent determination concerning damages, unless the amount of damages is certain.  Jimenez v. Rosenbaum-Cunningham, Inc., No. 07-1066, 2010 U.S. Dist. LEXIS 31664, 2010 WL 1303449, at *2-3 (Mar. 31, 2010).  Thus, the "district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999).  When conducting this inquiry, the district court has considerable latitude.  Hewitt, 2008 U.S. Dist. LEXIS 90719, at *3 (citing Jones v. Winnepesaukee Realty, 990 F.2d 1, 4 (1st Cir. 1993)).  As the Supreme Court held in Pope v. United States, 323 U.S. 1, 65 S. Ct. 16, 89 L. Ed. 3 (1944), "[i]t is a familiar practice and an exercise of judicial power for a court upon default, by taking

evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." Id. at 12.

With respect to the relief requested, Plaintiffs allege that Defendants owe $1,736,552.53 as of December 4, 2011. This includes $1,661,093.70 in principal and $75,458.83 in interest.  Aff. Amount Due in Supp. of Final J., ¶¶ 25-27 ("Aff. David Dahan").  Plaintiffs also allege that Defendants owe $10,718.58 in legal fees and costs.

### i. Principal

The Court finds that Plaintiffs are entitled to $1,661,093.70 in principal. This is a breach of contract case where the Purchase Agreement and Guaranty Agreement provide that Defendants promised to pay Plaintiffs $3,000,000.00 in monthly installments.  It is undisputed that Michael Gallagher defaulted on his obligation to pay in December of 2010, and has not cured that default.  Under the Purchase Agreement and Note, the total amount of remaining principal immediately becomes due in the event of a default. Catherine Gallagher has not indemnified Plaintiffs against Michael Gallagher's default as promised in the Guaranty Agreement. Therefore, the Court will award Plaintiffs $1,661,093.70, which is the total amount of remaining principal.

### ii. Interest

Plaintiffs have submitted documentation supporting their contention that Defendants owe interest on the unpaid principal.  Aff. David Dahan ¶ 26.  According to Section 2.1.2 of the Purchase Agreement, interest accrues at the rate of 4.75% per annum on the unpaid principal, which has been $1,661,093.70 since December 10, 2010.  The Court finds that the total interest due for 2010 is $1,675.32 and the interest due from January 1, 2011 through December 4, 2011 is $73,065.46.  Therefore, the Court will

award Plaintiffs $74,740.78 in interest through December 4, 2011. The Court will also award Plaintiffs $20,752.32 in interest from December 5, 2011 through the date of judgment, making the total interest due $95,493.10 as of March 9, 2012. Post-judgment interest will continue to accrue at a rate of $216.17 per diem until the balance is paid.

### iii. Attorneys' Fees

Plaintiffs also request attorneys' fees in the amount of $10,718.58. Aff. David Dahan ¶ 33. The burden of proving that a request for attorneys' fees is reasonable rests on the party seeking the fees. Rode v. Dellarciprete, 892 F.2d 1177, 1183 (3d Cir. 1990). To satisfy this burden, the petitioner must "submit evidence supporting the hours worked and rates claimed." Id. (quoting Hensley v. Eckerhart, 461 U. S. 424, 433, 103 S. Ct. 1933, 1939, 76 L. Ed. 2d 40 (1983)). The starting point of a district court's analysis is the lodestar amount, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Id. (quoting Hensley, 461 U.S. at 433). "The Court may not make a finding of reasonableness based on a generalized sense of appropriateness, but must rely on the record." Acosta v. Nat'l Packaging, Inc., No. 09-701, 2010 U.S. Dist. LEXIS 75847, 2010 WL 3001191, at *8 (D.N.J. July 28, 2010) (citing Evans v. Port Auth. of N.Y. & N.J., 273 F.3d 346, 361 (3d Cir. 2001)). In fact, "it is necessary that the Court go line, by line, by line through the billing records supporting the fee request" in order to satisfy the required reasonableness inquiry. Evans, 273 F.3d at 362 (citations omitted).

After careful review of Plaintiff's invoices, attached as Exhibit "C" to the motion for default judgment and supplemented in the affidavit of Plaintiffs' counsel, the Court finds that 69.3 hours is a reasonable amount of time to spend on this case. Plaintiffs'

counsel's records are clear and understandable, and a line-by-line analysis by the Court confirms that there are no duplicative, excessive, or noncompensable entries.

Additionally, the hourly rates claimed for each of the attorneys' and paralegals are reasonable. The claimed rates are well within the ranges deemed reasonable by the Philadelphia Community Legal Services fee schedule, which has been cited by this Court before, and which has also been "approvingly cited by the Third Circuit as being well developed and has been found by [the Eastern District of Pennsylvania] to be a fair reflection of the prevailing market rates in Philadelphia." Maldonado v. Houstoun, 256 F.3d 181, 187 (3d Cir. 2001) (internal citations omitted). Therefore, the Court will adopt Plaintiffs' hourly rates and number of hours in awarding attorneys' fees.

iv. **Lodestar Calculation**

Based on the above analysis, the Court finds that the following hourly rates and number of hours, as submitted by Plaintiffs, are reasonable:

| Legal Professional | Hourly Rate | Hours Worked | Total Fee |
|---|---|---|---|
| David R. Dahan, Esq. | $200 | 26.3 | $5,260.00 |
| Breanne M. DeRaps, Esq. | $185 | 39.4 | $7,289.00 |
| John Devlin, Esq. | $200 | 0.4 | $80.00 |
| Emmanuel J. Argentieri, Esq. | $200 | 1.1 | $220.00 |
| Oren Klein | $185 | 0.5 | $92.50 |
| Lynn P. Zahaczewski | $90 | 1 | $90.00 |

The invoices Plaintiffs have submitted contain a total of $13,031.50 in attorneys' fees. Together with the $987.08 in costs incurred by Plaintiffs' counsel, and subtracting the

$3,300.00 in "special courtesy discounts," the total sum of attorneys' fees and costs to be awarded to Plaintiffs is $10,718.58.

For the foregoing reasons, the Court will enter judgment in favor of Plaintiffs in the amount of $1,767,305.38, plus interest at a per diem rate of $216.17 after March 9, 2012 until the debt is satisfied.

## V.  CONCLUSION

For the reasons discussed above, Plaintiffs' motion is **GRANTED**.  An appropriate order shall issue today.


Date: 3/9/2012                                                    /s/ Robert B. Kugler
                                                                             ROBERT B. KUGLER
                                                                             United States District Judge